**Matthew A. Levin, OSB #003054**
MattLevin@markowitzherbold.com
**Anit K. Jindal, OSB #171086**
AnitJindal@MarkowitzHerbold.com
**Kelsie G. Crippen, OSB #193454**
KelsieCrippen@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

**Peter E. Deegan,** *Admitted Pro Hac Vice*
pdeegan@taftlaw.com
**Carly A. Chocron,** *Admitted Pro Hac Vice*
cchocron@taftlaw.com
**TAFT STETTINIUS & HOLLISTER LLP**
111 E Wacker Drive, Suite 2600
Chicago, IL  60601-4208
Telephone: (312) 527-4000

*Attorneys for Claimant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>3,086,226.36 USDT SEIZED FROM A BINANCE ACCOUNT WITH USER ID 111213443 HELD IN NAME OF NAN SONG,<br><br>　　and | Case No. 3:25-cv-00058-MO<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF CLAIMANT MAVI GÖKYÜZÜ YAPI LIMITED ŞIRKETI** |

Page 1 –　ANSWER AND AFFIRMATIVE DEFENSES OF CLAIMANT
　　　　　MAVI GÖKYÜZÜ YAPI LIMITED ŞIRKETI

3.41 BTC, OR EQUIVALENT
CRYPTOCURRENCY, STORED IN AN
OKX ACCOUNT WITH USER ID
460511322279437347 HELD IN THE NAME
OF YAO LUTAO, in rem,

                              Defendants,

and

MAVI GÖKYÜZÜ YAPI LIMITED
ŞIRKETI,

                              Claimant.

Claimant Mavi Gökyüzü Yapi Limited Şirketi ("MGYLS") hereby appears and answers plaintiff's Complaint *in rem* for forfeiture as follows:

1.

Claimant admits the allegations set forth in Paragraph I of the Complaint without thereby admitting that plaintiff has set forth a cause of action under the cited statutes.

2.

Claimant admits that 3,086,226.36 USDT was seized from a Binance account with User ID 111213443 held in the name of Nan Song. Claimant denies that the 3,086,226.36 USDT seized from the Binance account with User ID 111213443 is subject to forfeiture. Claimant lacks information sufficient to form a belief about the truth of all other allegations in Paragraph II, and therefore, denies the same.

## COUNT 1

3.

Claimant admits that 3,086,226.36 USDT was seized from a Binance account with User ID 111213443 held in the name of Nan Song. Claimant denies that the 3,086,226.36 USDT seized from the Binance account with User ID 111213443 was involved in transactions or

Page 2 –   ANSWER AND AFFIRMATIVE DEFENSES OF CLAIMANT
           MAVI GÖKYÜZÜ YAPI LIMITED ŞIRKETI

attempted transactions or traceable to money laundering offenses, and therefore subject to forfeiture.  Claimant lacks information sufficient to form a belief about the truth of all other allegations in Paragraph III, and therefore, denies the same.

## **COUNT 2**

4.

Claimant admits that 3,086,226.36 USDT was seized from a Binance account with User ID 111213443 held in the name of Nan Song.  Claimant denies that the 3,086,226.36 USDT seized from the Binance account with User ID 111213443 was involved in transactions or attempted transactions or traceable to violations of 18 U.S.C. § 1957, and therefore subject to forfeiture.  Claimant lacks information sufficient to form a belief about the truth of all other allegations in Paragraph IV, and therefore, denies the same.

## **COUNT 3**

5.

Claimant admits that 3,086,226.36 USDT was seized from a Binance account with User ID 111213443 held in the name of Nan Song.  Claimant denies that the 3,086,226.36 USDT seized from the Binance account with User ID 111213443 is property constituting or derived from proceeds obtained, directly or indirectly from a violation of 18 U.S.C. § 1343 (wire fraud), and therefore subject to forfeiture.  Claimant lacks information sufficient to form a belief about the truth of all other allegations in Paragraph V, and therefore, denies the same.

/ / /

/ / /

/ / /

/ / /

/ / /

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Innocent Owner – 18 U.S.C. § 983 (d)(3))**

6.

The seized property is not subject to forfeiture because claimant is an innocent owner. At all material times claimant lacked any and all knowledge of the alleged illegal activities set forth in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

7.

The Complaint fails to state a claim upon which relief can be granted as to the Subject Property.

### THIRD AFFIRMATIVE DEFENSE

**(Violation of Takings Clause)**

8.

The government's forfeiture claim is void and unenforceable as violative of the Fifth Amendment of the United State Constitution, in that it would result in the taking of property without due process of law, and without just compensation.

### RESERVATION OF AFFIRMATIVE DEFENSES

9.

At this time, claimant has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses. Claimant therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

**WHEREFORE,** claimant hereby prays for and demands a judgment and decree as follows:

A. That plaintiff takes nothing and has no right to the 3,086,226.36 USDT that was seized from a Binance account with User ID 111213443 held in the name of Nan Song;

B. That plaintiff's claims regarding the 3,086,226.36 USDT seized from a Binance account with User ID 111213443 held in the name of Nan Song be dismissed in their entirety with prejudice;

C. All of claimant's property as described in the Complaint be released and surrendered to claimant;

D. Awarding claimant statutory interest, costs, and attorneys fees; and

E. For any such further relief as the Court may deem just, equitable, and proper.

DATED: May 14, 2025.                TAFT STETTINIUS & HOLLISTER LLP

*s/ Peter E. Deegan*
Peter E. Deegan, *Admitted Pro Hac Vice*
pdeegan@taftlaw.com
Carly A. Chocron, *Admitted Pro Hac Vice*
cchocron@taftlaw.com

MARKOWITZ HERBOLD PC

*s/ Anit K. Jindal*
Matthew A. Levin, OSB #003054
MattLevin@markowitzherbold.com
Anit K. Jindal, OSB #171086
AnitJindal@MarkowitzHerbold.com
Kelsie G. Crippen, OSB #193454
KelsieCrippen@MarkowitzHerbold.com

*Attorneys for Claimant*

2298610

**Page 5 –    ANSWER AND AFFIRMATIVE DEFENSES OF CLAIMANT
         MAVI GÖKYÜZÜ YAPI LIMITED ŞIRKETI**